East'n. District.
*February* 1826.

CECIL
*vs.*
PREUCH.

CECIL vs. PREUCH.

APPEAL from the court of the first district.

A farmer who takes in cattle to pasture for hire, must keep his ground under a good fence, and if it be not at the time he receives the cattle, he ought immediately to repair it.

MARTIN, J., delivered the opinion of the court. The defendant and appellant complains that the district judge erred in giving his charge to the jury, and in refusing to charge them as the defendant requested, and that the jury and court erred in allowing interest from the judicial demand.

I. The defendant contended that the plaintiff having taken the defendant's cattle to pasture, for hire, was bound to keep a sufficient fence to keep them in, and to pay for the lost ones, unless he proved that the loss occurred through force or accident; but the court told the jury that the defendant took on himself the risk of the fence, that existed at the time he put his cattle to pasture, and the plaintiff was bound to keep it in the same condition and no other; and unless the jury were satisfied the fence was not kept in the same condition, or negligence was proved, the plaintiff was not liable for the cattle lost, but was entitled to the hire. The judge stated in the bill of exceptions, it was proven

East'n. District.
*February*, 1826.

CECIL
*vs.*
PREUCH.

the defendant was frequently in the field, and he, the judge, presumed, the defendant must have seen the fence, and a witness deposed the fence was a good one.

II. The defendant required the court to charge the jury, the plaintiff was bound to have the pasture ground kept by a guardian, of equal skill and care as the one who had the care of the pasture when the defendant put in his cattle; and that if the jury thought a guardian, less skilful or careful was put in place of the former, and any cattle escaped, unless a proper reason was shown, negligence of the plaintiff might be inferred. The judge refused to give the charge.

We think the court erred in charging the jury; that the plaintiff was not bound to keep his fence, in any better condition than it was when the defendant's cattle was put in, and the plaintiff ought to recover, unless the jury thought he did not keep his fence in the same condition.

A farmer who takes in cattle to pasture for hire, must keep his ground under a good fence; and if it be not at the time he receives cattle, he ought immediately to repair it. Even though the owner of the cattle sees the fence

is bad, the farmer is bound to put and keep it in good order, for the owner of the cattle has a right to expect this will be done, and needs not to make it a condition of the contract; for this condition is of the nature of the contract. We take no notice of the judge stating that he presumed the defendant saw the fence, and that a witness swore it was a good one. If any thing was to be presumed, the presumption was the province of the jury; and the testimony of the witness might well influence the verdict of the jury, but could not aid the judge in framing his charge, on an abstract question of law.

The charge required by the defendant was properly withheld. The plaintiff, if the second keeper of the ground was a proper one, complied with his contract, although the former might be a better one. This proposition is in different words, the same as we have just now established; if the plaintiff was bound to have a good fence, during the time he pastured the defendant's cattle, although he had an insufficient one when he received them, it suffices that he had a proper keeper during the time he pastured the cattle, although when they came he had one of supe-

rior skill and care, because such a one was neither of the essence, nor of the nature of the contract.

East'n. District.
*February* 1826.

CECIL
*vs.*
PREUCH.

As the verdict must be set aside, we inquire not whether interest was properly allowed.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed ; the verdict set aside and the case remanded for a new trial, with directions to the judge not to charge the jury that the defendant took on himself the risk of the fence that existed when he brought his cattle, and the plaintiff was bound to keep it in the same and no other condition, and that unless the jury were satisfied the fence was not kept in the same condition, or negligence were proven the fence was not kept in the like condition, the plaintiff was not liable for the cattle lost, and was entitled to the hire. It is further ordered, that the plaintiff and appellee pay costs in this court.

*Morse* for the plaintiff, *Hoffman* for the defendant.